Frank J. Livoti (FL1253)
SHAW LICITRA GULOTTA
ESERNIO & SCHWARTZ, P.C.
1475 Franklin Avenue
Garden City, NY 11530
(516) 742-0610

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————
TOY GUY                                            :
                                                   :
              Plaintiff,                           :
                                                   :
                                                   :
          -against-                                :          **COMPLAINT**
                                                   :
VERIZON NEW YORK, INC.,                             :          **Plaintiff Demands a**
                                                   :          **Trial By Jury**
              Defendant.                           :
—————————————————————————  :

       Plaintiff Toy Guy ("Ms. Guy"), by her attorneys, Shaw Licitra Gulotta Esernio &

Schwartz, P.C. for her complaint against the defendant, on knowledge with respect to her

own actions, statements and representations and with respect to statements made to her,

both orally and in writing, and on information and belief with respect to the actions of

others, avers as follows:

       1.      This civil action avers, among other things, that defendant Verizon New York,

Inc ("Verizon"), and others at Verizon, exposed Ms. Guy to sexual discrimination on the job,

in violation of the Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e,

*et seq*. ("Title VII") and  New York Human Rights Law, *as amended*, New York Executive

Law § 290, *et seq.* (The "Human Rights Law"), and that, on multiple occasions, the defendant and its agents and employees subjected her to the intentional infliction of emotional distress.

## THE PARTIES

2.     Ms. Guy is a female citizen of the United States and the State of New York who resides at 457 Schenectady Avenue, Brooklyn, New York.

3.     Upon information and belief, Verizon is a corporation engaged in an industry affecting commerce with its principal place of business located at 140 West Street, 29th Floor, New York, New York.  At all times relevant to this action, Verizon had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.  Verizon is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and N.Y. Exec. Law § 292(5).

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 as Ms. Guy asserts claims under Title VII.

5.     Ms. Guy has met all conditions precedent to this Court's jurisdiction over her Title VII claims in accordance with 42 U.S.C. § 2000e-5.  She filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the occurrence of the unlawful employment practices averred herein.

On or about July 14, 2006, the EEOC issued to Ms. Guy a notice of right to sue, a copy of which is attached as Exhibit A.  This complaint is being filed within 90 days after Ms. Guy's receipt of such notice of right to sue.

6.      This action also arises under state law and this Court has jurisdiction over Ms. Guy's state law claims under principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.      This district is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) and the conduct averred herein took place in the Southern District of New York.

## BACKGROUND

8.      Ms. Guy was employed as a Field Tech Assistant from in or about January 2001.  Ms. Guy was subjected to sexual harassment by Quentin Trammel ("Trammel"), and other personnel of Verizon during the course of her employment with Verizon.

9.      Indeed, throughout her tenure at the firm, Ms. Guy endured a continuing pattern of sexual harassment and derogatory conduct from Mr. Trammel and other personnel of the firm.  This patter of conduct consisted of persistent, pervasive and unwelcome sexual remarks, innuendoes and other conduct including, but not limited to, the following:

a)      In or about November 2004 Mr. Trammel approached Ms. Guy at her place

Document #: TOY GUY   -   COMPLAINT.wpd                     -3-

of employment at the Pearl Street garage and Mr. Trammel stood unusually close to her causing her to feel uncomfortable.

      b)     On or about December 13, 2004 Mr. Trammel winked at Ms. Guy, rubbed his hands together and licked his lips in a sexual manner towards her and made hissing and moaning noises towards her.  In addition, he followed Ms. Guy and made statements regarding her legs.  Ms. Guy advised Mr. Trammel in no uncertain terms to leave her alone.

      c)     Thereafter, Mr. Trammel spread a false rumor to co-workers that Ms. Guy had engaged in sexual relations with another employee in the office.

      d)     Mr. Trammel continued to leer and wink at Ms. Guy in a sexually provocative manner and continued to spread rumors about her regarding affairs with co-workers.

      e)     Thereafter, in or about February 2005 and after Ms. Guy had reported Mr. Trammel's conduct to Verizon Ms. Guy was denied a better paying position at Verizon as a result of statements made by Mr. Trammel regarding Ms. Guy.

      10.    The conduct by the Verizon employees to which Ms. Guy was subjected, examples of which are set forth above, created a sexually hostile and abusive work environment sufficient to constitute sexual harassment , and violated Ms. Guy's rights under, among other things, Title VII and the Human Rights Law.

## COUNT I

## HOSTILE WORK ENVIRONMENT SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

11.    Ms. Guy repeats and reavers the averments set forth in paragraphs 1 through 10 herein.

12.    The acts of Verizon by and through Mr. Trammel, among others, including, but not limited to, the conduct referenced in paragraphs 9 (a) through 9 (e) above, were directed to Ms. Guy because she is a female.

13.    The acts of Verizon by and through Mr. Trammel, among others, interfered with Ms. Guy's work and caused her to suffer a lack of self-esteem and physical and emotional distress.

14.    The acts of Verizon by and through Mr. Trammel, among others, created a hostile work environment sufficient to constitute sexual harassment, which adversely affected the terms, conditions and privileges of Ms. Guy's employment.

15.    Verizon is liable for Mr. Trammel's actions towards Ms. Guy for one or more of the following reasons:

(a)    Mr. Trammel was a foreman at Verizon and, was among the personnel for whom Ms. Guy was assigned to work, and exercised supervisory powers over her;

(b)    Verizon was or should have been aware of Mr. Trammel's repeated misconduct toward Ms. Guy; and

(c)    Verizon failed to take prompt and effective remedial action to prohibit Mr. Trammel's misconduct toward Ms. Guy.

16.     Accordingly, Verizon has sexually discriminated against Ms. Guy in violation of Title VII, 42 U.S.C. § 2000E, *et seq.*

17.     The acts of Verizon by and through Mr. Trammel, among others, were performed with malice or reckless indifference to Ms. Guys federally protected rights.

18.     By reason thereof, Ms. Guy is entitled to judgment against Verizon for compensatory damages in an amount in excess of $500,000 plus interest and for punitive damages in an amount in excess of $1,000,000.  Pursuant to 42 U.S.C. § 2000e-5(k), Ms. Guy is entitled to recover the costs and disbursements that she incurs in prosecuting this action, including her attorneys' fees.

## COUNT II

## HOSTILE ENVIRONMENT SEXUAL DISCRIMINATION
## UNDER THE HUMAN RIGHTS LAW

19.     Ms. Guy repeats and reavers the averments set forth in paragraphs 1 through 18 herein.

20.     The acts of Verizon by and through Mr. Trammel, among others, including, but not limited to, the conduct referenced in paragraphs 9 (a) through 9 (e) above, created a sexually hostile work environment sufficient to constitute sexual harassment, which adversely affected the terms, conditions and privileges of Ms. Guy's employment.

21.     As set forth above, Verizon is responsible and liable for the actions of Mr. Trammel toward Ms. Guy because, among other reasons, Mr. Trammel was an employee

Document #: TOY GUY   -   COMPLAINT.wpd                    -6-

of Verizon.

22.     Accordingly, Verizon and Mr. Trammel have sexually discriminated against Toy Guy in violation of the Human Rights Law, *as amended*, N.Y. Exec. Law § 296.

23.     By reason thereof, Ms. Guy is entitled to judgment against Verizon, in an among in excess of $500,000 plus interest.


## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.     Ms. Guy repeats and reavers the averments set forth in paragraphs 2 through 23 herein.

25.     The acts of Verizon by and through Mr. Trammel, among others, including, but not limited to, the conduct referenced in paragraphs 9 (a) through 9 (e) above, were extreme and outrageous and done with the intent to harass and humiliate Ms. Guy.

26.     As a proximate result of such conduct, Ms. Guy has suffered severe mental and emotional distress.

27.     As set forth above, Verizon is responsible and liable for the actions of Mr. Trammel toward Ms. Guy because, among other reasons, Mr. Trammel was an employee of Verizon.

28.     By reason thereof, Ms. Guy is entitled to judgment against Verizon, for compensatory damages in an amount in excess of $500,000 plus interest and for punitive damages in an amount in excess of $1,000,000.

WHEREFORE, Ms. Guy demands a trial by jury and judgment:

(1)     on Count I against Verizon, for compensatory damages in an amount in excess of $500,000 plus interest and for punitive damages in an amount in excess of $1,000,000;

(2)     on Count II against Verizon, for compensatory damages in an amount in excess of $500,000 plus interest;

(3)     on Count III against Verizon, for compensatory damages in an amount in excess of $500,000 plus interest and for punitive damages in an amount in excess of $1,000,000;

(4)     for the costs and disbursements she incurs in prosecuting this action, including her attorneys' fees; and

(5)     for such other and further relief as this Court may deem to be just and proper.

Dated:   Garden City, New York
             October 12, 2006

                                                    SHAW LICITRA GULOTTA ESERNIO
                                                    & SCHWARTZ, P.C.

                                                    By:_____
                                                          Frank J. Livoti (FL1253)
                                                    Attorneys for Plaintiff Toy Guy
                                                    1475 Franklin Avenue
                                                    Garden City, NY 11530
                                                    (516) 742-0610